[No. 8911.  Department One.  March 22, 1911.]

## W. H. ABEL, *Appellant* v. HOGAN HANSEN *et al.,* *Respondents.*[1]

ATTORNEY AND CLIENT—COMPENSATION—CONTRACT—LIABILITY—CONSTRUCTION.  Where one of the heirs interested in property knows of and sanctions the employment of an attorney on behalf of all the heirs to recover the property, she is liable for her share of the reasonable value of his services and disbursements, but not for the amount agreed to be paid him, where she had no knowledge of the particular contract under which he was employed.

SAME.  An heir interested who made a contract on behalf of co-heirs employing an attorney to represent all the heirs in recovering property, is not liable on the contract for more than his proportionate share, in case the contract is repudiated by the other heirs; especially where that would be contrary to the intent as evidenced by the fact that he would be liable for more than the value of his interest in the property.

Appeal from a judgment of the superior court for Chehalis county, Sheeks, J., entered April 9, 1910, in favor of the defendants, after a trial on the merits before the court without a jury, in an action on contract.  Reversed.

*A. M. Abel* and *W. H. Abel,* for appellant.

*J. A. Hutcheson,* for respondents.

PER CURIAM.—The appellant, an attorney at law, brought this action against the respondents to recover for professional services.  The record discloses that some time in the year 1890, one Christopher Hansen settled upon certain unsurveyed land situated in Chehalis county, intending to enter the same under the homestead laws of the United States as soon as they should be surveyed and become subject to entry. He continued to reside thereon until 1893, when he died, this time being prior to the time the lands became subject to entry.  He left, as his heirs at law, the respondents above named.  The surveys were extended over the land and the

[1]Reported in 114 Pac. 182.

land became subject to entry during the latter part of the year 1893, when it was discovered that the land fell in section thirty-six, a section that would have been reserved as school land had it been vacant at the time the surveys were extended over it.   The portion settled upon, however, was subject to entry by Hansen's heirs, but they did not attempt to avail themselves of the opportunity until after the time fixed by law for such entry had expired.   Subsequently they offered filings which were rejected.   Later on they renewed their offer, filing therewith affidavits tending to show an excuse for failing to offer filings within the ninety days limited by law.   This offer was likewise rejected.   Between this time and 1903 other attempts were made by one of the heirs to have the case opened, which were likewise unavailing.

In 1905, with the matter in this condition, the respondent Hogan Hansen entered into a written contract with appellant, by which he agreed to pay appellant a fee equal to one-half the value of the land at the time patent issued, if he would take up the case for the heirs and succeed in obtaining a patent for the land. The appellant entered upon the employment, and later on succeeded in having the case reopened and the filing of the heirs allowed.   Final proof was made thereon in 1907, and a final receiver's receipt issued at the same time on behalf of the heirs for the land.   From the ruling allowing the entry, the state of Washington appealed to the commissioner of the general land office.   A few days later, after the appeal had been taken, another written contract was made between the appellant and Hogan Hansen.   This contract was similar to the former one, except that it expressed on its face that it was made on behalf of all of the heirs, and a clause was added providing a manner of ascertaining the appellant's interest in the land.   The appeal of the state was decided adversely to it in 1908, and shortly thereafter patent was issued to the land in favor of the respondents.   The appellant and Hogan Hansen thereupon sought to ascertain the value of the appellant's interest in the land as provided in the con-

tract last mentioned, and to that end appraisers were appointed who fixed the value of the land at $13,032. The heirs to the estate, other than Hogan Hansen, refused to recognize the contract as obligatory upon them, and the present action was brought to recover thereon.

In his complaint the appellant demanded judgment for one-half the value of the land as found by the arbitrators, and the further sum of $463.25, advances made by him in prosecuting the proceedings before the land department. Prior to the trial of the action in the court below, the appellant made a settlement with the respondents Martin Hansen and Emma Johnson Dounck, and no controversy is made concerning their interests. The respondent Mary Biri, in her answer, denied liability under the contract, but admitted that the appellant's services were beneficial to the heirs, and offered to let judgment go against her for one-fourth of the reasonable value thereof, which amount she alleged to be $250. On the trial the judge awarded appellant one-fourth the value of the land as found by the arbitrators, making it a charge upon the interests of Hogan Hansen in the land, but refused to render any judgment whatever in favor of appellant against Mary Biri. It did, however, award a judgment against Mary Biri for $325, in favor of Hogan Hansen, apparently to reimburse him for the liability incurred by him in prosecuting the proceedings necessary to obtain title to the land. The appellant contended that he was entitled to judgment against Mary Biri for one-fourth of the fee agreed upon in the written contract and her proportionate share of the expenditures made by him in prosecuting the proceedings, or if it be held that she is not liable on the contract, a judgment against Hogan Hansen for such sums. From the refusal of the court to award the appellant the judgment demanded, this appeal is taken.

The appellant seeks to recover on the contract against the respondent Mary Biri on the theory that she sanctioned and approved the contract made between the appellant and Hogan

Hansen, but we are unable to find in the record anything that justifies such a conclusion. She undoubtedly knew of the employment of the appellant by her brother and sanctioned his act in so far as to approve of the appellant's employment, and thus bound herself to pay for his services her proportionate share of the reasonable worth of the services, but we do not find any evidence which justifies the conclusion that she knew of or sanctioned the particular contract entered into. between the appellant and Hogan Hansen. We think, however, that the appellant was entitled to judgment against Mary Biri for one-fourth of the reasonable value of his services. This issue was tendered in Mrs. Biri's answer, and after the court adjudged that the appellant was not entitled to judgment on his contract, it should have permitted him to show the reasonable value of his services and render judgment accordingly. The appellant was entitled also to a judgment for one-fourth of the amount of the advances made by him necessary to prosecute the proceedings in the land department.

We cannot, however, agree with the contention that the appellant is entitled to judgment over against the defendant Hogan Hansen for the difference between the amount he will receive from Mary Biri as the reasonable value of his services and the contract price agreed upon. The contract does not in express terms declare that Hogan Hansen shall be responsible for the entire fee in case his co-heirs repudiate the contract, and it seems plain that such could not have been the intent of the parties, as the share agreed to be awarded to the appellant by the terms of the contract was twice the value of Hogan Hansen's interest in the land.

For the error noted, however, the judgment is reversed, and the cause remanded with instructions to enter a judgment in favor of the appellant and against Mary Biri for one-fourth of the reasonable value of the appellant's services in prosecuting the proceedings in the land department, and one-fourth of the advances made by the appellant in that.

behalf. Leave is given to each party to take additional testimony if they so desire.